```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

    **v.**                                        **CRIMINAL NO. 1:23-CR-47**
                                                                           **(KLEEH)**

**VICTOR L. CARPENTER,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER DENYING
### MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]

Pending before the Court are two pro se motions, and the Court construes both as motions for compassionate release [ECF Nos. 61, 67]. For the reasons discussed below, the motions are **DENIED**.

### I.   BACKGROUND

On August 1, 2023, the grand jury returned a two-count Indictment against Defendant Victor L. Carpenter ("Defendant"), charging him in Count One with Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and in Count Two with Possession of Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871.  See ECF No. 1.  On August 1, 2024, Defendant entered a plea of guilty to Count One.  See ECF No. 43.  On December 12, 2024, the Court sentenced him to 57 months of incarceration, to be followed by 3 years of supervised release. See ECF No. 52.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

## II.  DISCUSSION

As an initial matter, in Defendant's motions, he asks the Court to appoint counsel for him.  As the United States Court of Appeals for the Fourth Circuit has recognized, "[t]here is no right to counsel in post-conviction proceedings."  Hagie v. Pinion, 995 F.2d 1062, at *1 (4th Cir. June 7, 1993) (unpublished) (citing Pennsylvania v. Finley, 481 U.S. 551, 556–57 (1987)).  Upon review, the Court finds no good cause to appoint counsel for Defendant and denies his request.  Substantively, Defendant argues that the Court should grant him compassionate release because (1) his elderly parents need him to take care of them, and (2) the facts of his underlying state case show that he pleaded guilty to a crime he did not commit.  He asks to be placed on home confinement.

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).[1]

In assessing a motion for compassionate release, the Court

---

[1] The Government has not challenged exhaustion here.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

undertakes a two-step analysis. "First, the court must determine that the prisoner is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024) (citing United States v. Hargrove, 30 F.4th 189, 194-95 (4th Cir. 2022)). Then, if an extraordinary and compelling reason exists, the Court evaluates the relevant factors under 18 U.S.C. § 3553(a). See Centeno-Morales, 90 F.4th at 279.

    **A.**    **Home Confinement**

Defendant asks to be placed on home confinement. As the Government points out, pursuant to 18 U.S.C. § 3624(c)(2), home confinement placement is a discretionary decision by the Bureau of Prisons and is encompassed by the underlying term of imprisonment. Designations of such "places of imprisonment" are "not reviewable by any court." 18 U.S.C. § 3621(b). Regardless, the Court will consider the merits of Defendant's motions and assume that he is asking to be released early on conditions of supervision.

    **B.**    **Extraordinary and Compelling Circumstances**

In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions and expanded the list of extraordinary and compelling circumstances sufficient to support such a motion. See U.S.S.G. § 1B1.13. The enumerated circumstances set forth in the Sentencing Guidelines relate to

4

**MEMORANDUM OPINION AND ORDER DENYING
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

medical circumstances of the defendant, age of the defendant, family circumstances of the defendant, whether the defendant is a victim of abuse while in custody, and the imposition of an unusually long sentence. See id. Here, Defendant focuses on two arguments warranting his compassionate release: (1) the need to care for his elderly parents, and (2) the facts of his underlying state felony case.

### 1. Elderly Parents

Defendant asserts that his elderly parents are in poor health and have no other living family to provide care for them. Defendant is an only child. His father suffered two strokes, he can no longer walk or drive, and Defendant's mother cannot drive. Defendant states that his parents live in a rural area and need him to care for their property, help his father with therapy, take them both to doctor appointments, do their shopping, etc. The Government argues that Defendant has not met his burden of proof with respect to this argument.

The Sentencing Guidelines provide that extraordinary and compelling circumstances exist with respect to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Id. § 1B1.13(b)(3)(C). A defendant must submit documentary evidence that (1) his parents are incapacitated and (2) he is the only

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

available caregiver. See United States v. Perez, No. 03-554, 2025 WL 28235, at *8 (E.D. Pa. Jan. 3, 2025) (observing that with respect to sentence reduction motions based on parental incapacitation, "courts have required a 'statement and letters of documentation that the inmate is the only family member capable of caring for the [parent]'"). The Court agrees with the Government that Defendant has not met his burden of proof. After the Government submitted its response, the Court received a letter from Defendant's mother, Beverly Carpenter ("Mrs. Carpenter"). She writes that Defendant's father had a major stroke on May 8, 2025. Mrs. Carpenter bathes, dresses, and takes care of her husband. He will probably never drive again. She writes, "We really could use Victor here to keep up." She also says, "[H]e's the only child we have, and I could use his help."

The Court is sympathetic to the issues raised and does not doubt that Defendant's parents are facing very challenging health issues. Defendant, however, has not met his burden to show that he is the only one who can take care of his parents. It does not appear that Mrs. Carpenter is incapacitated, and while she says that she "could use" Defendant's help, there is no evidence before the Court that she requires it or that Defendant is the only available caregiver. Accordingly, Defendant's parents' health concerns do not constitute an extraordinary and compelling

circumstance warranting release.

### 2. Underlying State Felony Case

Defendant asserts that he should never have been considered a felon in the first place. He states that he entered a guilty plea, but it was later established at trial that he never committed the offense. He asks the Court to review the facts of his underlying state case and consider that Defendant pleaded guilty to a crime he never committed.

Legal challenges to a defendant's underlying case are not one of the enumerated extraordinary and compelling circumstances in U.S.S.G. § 1B1.13. The Guidelines, however, include a section entitled "Other Reasons," which applies when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4)" (medical circumstances of defendant, age of the defendant, family circumstances of the defendant, or victim of abuse while incarcerated) are "similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The Court finds that Defendant's complaints with respect to his state felony conviction are not similar in gravity to medical circumstances of a defendant, age of a defendant, family circumstances of a defendant, or a defendant's experience as a victim of abuse while

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

incarcerated. Accordingly, Defendant's state felony conviction, considered alone or in combination with other issues raised, does not constitute an extraordinary and compelling circumstance warranting release.

**C.   Section 3553(a) Factors**

The Section 3553(a) factors include, among others, the "nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with . . . medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a). This Court has "broad discretion" in evaluating the section 3553(a) factors when ruling on a motion for compassionate release. United States v. Bethea, 54 F.4th 826, 834 (4th Cir. 2022).

Defendant states that he, himself, is elderly (age 58) and disabled. He states that he is not receiving the medical treatment

**MEMORANDUM OPINION AND ORDER DENYING
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

he needs or receiving classes to lower his recidivism. He argues that the firearm in this case was not used in any criminal activity. He has signed up for classes and applied for jobs but has received no help. He has no income while incarcerated. He states that the prison does not provide health care, classes, or jobs to inmates. In one of his filings he lists certain classes that he has completed while incarcerated. Defendant has only served approximately 10 months of his 57-month sentence.

The undersigned district judge presided over Defendant's sentencing hearing. The Court imposed a sentence at the low end of the advisory guideline range, which called for 57 to 71 months of incarceration. The offense conduct in this case, as Defendant alludes to in his motion, stemmed from a home check by Calhoun County Probation Officers on February 26, 2023. Probation officers found a weapon made from an Ithaca shotgun in the bottom drawer of his clothing chest, as well as four 16-gauge shotgun shells in a closet on the other side of his room. The shoulder stock of the shotgun had been cut down, and the barrel had been shortened.

Even if Defendant had established extraordinary and compelling circumstances, the section 3553(a) factors weigh against his release. The offense conduct in this case is concerning. Defendant was a convicted felon in possession of not only a firearm, but a physically manipulated firearm. Moreover,

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 61, 67]**

he was on probation when the conduct occurred. He has served less than 20% of his federal sentence. His criminal history category at the time of sentencing was V. After considering all of the issues raised in Defendant's motion, the Court finds that additional time in prison is needed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Defendant and others from committing criminal conduct, and protect the public from Defendant's conduct.

### III. CONCLUSION

For the reasons discussed, the motions for compassionate release are **DENIED** [ECF Nos. 61, 67].

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record by email and to Defendant by certified mail, return receipt requested.

DATED: October 22, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA